IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARIE BALL, | : | Civil Action No. 1:08-CV-0391 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| SCI MUNCY, ET AL., | : | |
| Defendants | : | |

## MEMORANDUM

Dawn Marie Ball, an inmate confined at the State Correctional Institution at Muncy, Muncy, Pennsylvania, filed this civil rights action on March 6, 2008. (Doc. No. 1.) Presently pending is Plaintiff's motion for appointment of counsel. (Doc. No. 17.) For the reasons discussed below, the motion will be denied.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court

will assume that Plaintiff's case does have arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).  Also, in a "Not Precedential" opinion, a panel of the United States Court of Appeals for the Third Circuit indicated that the district court should also consider its willingness to aid the indigent party in presenting his or her case in the courtroom and the availability of attorneys willing to take § 1915(e) appointments. Gordon v. Gonzalez, 232 Fed. Appx. 153, 155  (3d Cir. 2007).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant appointment of counsel.  Tabron, 6 F.3d at 155-56.  The pleadings submitted thus far do not contain complicated legal issues.  It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if she is required to proceed with the prosecution of this case on her own.  This court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel.  Based on the foregoing, Plaintiff's motion for appointment of counsel will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Plaintiff.

                              <u>S/ Yvette Kane</u>
                              Yvette Kane, Chief Judge
                              United States District Court
                              Middle District of Pennsylvania

Dated: May 28, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | **Civil Action No. 1:08-CV-0391** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **SCI MUNCY, ET AL.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 28th day of May 2008, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for appointment of counsel (Doc. No. 17) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania