IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | Civil Action No. 1:08-CV-0391 |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **SCI MUNCY, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Dawn Marie Ball ("Plaintiff"), an inmate confined at the State Correctional Institution at Muncy, Muncy, Pennsylvania, filed this civil rights action on March 6, 2008. (Doc. No. 1.) Plaintiff is proceeding *pro se*. On May 13, 2008, Defendants Himelsbach and Famiglio filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 20.) Plaintiff filed an opposition brief on June 25, 2008, to the motion filed by Himelsbach and Famiglio. (Doc. No. 27.) On June 2, 2008, a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) was filed on behalf of defendants Lambert, Moon, Charles, Ritchie, Kazaar, Janis, Green, Johnson, Schnleitner, Noonan, Chamberlain, Shepler, Torma, Boyer, Curham, Blessing, SCI-Muncy, Winder, Hummel, Gridley, Dillela, Craver, and SCI-Muncy Medical Department. (Doc. No. 24). Plaintiff failed to file a brief in opposition to this motion as required by Local Rule 7.6.[1] Accordingly, the motion is unopposed and will be treated as such. Both motions are ripe for disposition and, for the reasons set forth below, will be granted. Also pending is Plaintiff's motion for injunctive relief (Doc. No. 32), which will be denied as moot.

---

[1] L.R. 7.6 states that any party opposing any motion shall file a responsive brief within fifteen days after service. Any party who fails to comply with this rule shall be deemed not to oppose the motion. See L.R.7.6.

**I.     Statement of Facts[2]**

Plaintiff's complaint begins with allegations that she was sexually assaulted by Defendant Winder in her cell on January 23, 2008. (Doc. No. 1, at 2-3.) She reported the incident and was taken to a local hospital the following day. (Id. at 3.) She states that in retaliation for reporting the incident, upon her return to SCI-Muncy, she was placed in a psychiatric observation cell. Thereafter, she was advised by Defendants Dillela and Craver that she was to be placed on "strip suicide status." (Id.) She alleges that during this time, Defendants Kazaar, Moon and Ritchie, among others, denied her blankets, a mattress, showers, heat, food, and basic hygiene items such as underwear, soap, and a toothbrush and toothpaste. (Id.) In addition, she was housed in a filthy cell with the feces and blood of prior occupants covering the walls. (Id.) She also reports being moved from cell to cell and being placed in a restraint chair on at least three occasions for five to eight hours. (Id. at 4-5.) She indicates that she has been physically assaulted by corrections officers and that certain male corrections' officers have "handle[d]" her naked. (Id. at 4-5.) She also alleges that she was denied medical treatment on several occasions. (Id.) She complains that because she is constantly moved from cell to cell, she does not get her mail or her mail is lost. (Id. at 7-8.)

She filed this action on March 6, 2008. (Doc. No. 1.) She represents that there is a grievance procedure available at SCI-Muncy and that she filed a grievance concerning the facts relating to the complaint. (Id. at 1.) However, she also states that she did not complete the

---

[2]In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

grievance process. (Id.)

## II.     Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the plaintiff to present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 504, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007). Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory, Twombly, 550 U.S. at ___, 127 S. Ct. at 1969). Additionally, although the factual allegations still must be enough to raise a right to relief above the speculative level, a *pro se* complaint should be

liberally construed.  Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

**III.    Discussion**

Defendants seek to dismiss the complaint based on Plaintiff's alleged failure to exhaust her available administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, 110 Stat. 1321 (1996).  (Doc. No. 21, at 3-4; Doc. No. 26, at 5-6.) Through the PLRA, Congress amended 42 U.S.C. § 1997e(a) to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted.  The Act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).  Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process.  See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)).  The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement."  Nyhuis, 204 F.3d at 71.  It also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 93 (2006).  "Proper exhaustion demands compliance with an

4

agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 93 (quoting Nussle, 534 U.S. at 525). Significantly, a prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* initiating suit in federal court. See Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) (collecting cases and holding that, "the district court must look to the time of filing, not the time the district court is rendering the decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.").

Although Plaintiff filed an opposition brief (Doc. No. 27) to the motion filed on behalf of Defendants Famiglio and Himmelsbach, she does not dispute that she failed to exhaust her administrative remedies with regard to the issues raised in the complaint. Plaintiff's failure to oppose the remaining Defendants' motion, which also seeks dismissal for failure to exhaust administrative remedies, renders the motion unopposed. See L.R. 7.6. It is clear that Plaintiff's claims are not properly before this Court and must be dismissed. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | Civil Action No. 1:08-CV-0391 |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **SCI MUNCY, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW**, this 10th day of December, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Defendants' motions to dismiss (Docs. No. 20, 24) pursuant to Federal Rule of Civil Procedure 12(b)(6) are GRANTED.

2. Plaintiff's motion for injunctive relief (Doc. No. 32) is denied as moot.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania